Story, J.,
after stating the case, delivered the opinion of the court, as follows : — It is contended by the plaintiffs in error, that the direction of the circuit court was erroneous, 1. Because the plaintiffs’ intestate had a good and valid title to the land surveyed, under his patent, and was, therefore, entitled, under the 5th section of the Maryland statute of 1791, to the money received by the defendant’s intestate therefor. 2. That this right was not barred by the statute of limitations.
In support of the first point, the plaintiffs contend, that the land belonging to the state did not, by the cession of the territorial jurisdiction, under the statute of 1791, pass to the United States, and was, consequently, liable to be appropriated by individuals under warrants, pursuant to the laws of Maryland. That until 1801, the jurisdiction of Maryland continued over the whole ceded territory ; and titles, therefore, might legally be acquired therein, according to the public laws: and the patent of Beatty, being obtained in pursuance of those laws, gave him a complete and valid title. On the other hand, the defendant denies each of these positions, and further contends, that the plaintiffs are without the purview of the 5th section of the act of 1791, because that section extends only to titles then existing, and Beatty’s title did not commence until April 1792.
It is not necessary to consider the correctness of the positions urged by the respective parties, as to this point, because we are of opinion, that the case may well be decided upon the second point.' The action for money had and received is clearly embraced by the statute of limitations ; and it is incumbent upon the plaintiffs to show that the present case forms an exception to its operation.
It is contended, that the present suit, being a statute remedy, is not *1081 ^thin the purview of the statute of limitations. *But we know of i no difference in this particular between a common-law and statute *70 right. Each must be pursued according to the general rule of law, unless a different rule be prescribed by statute ; and where the remedy is limited to a particular form of action, all the general incidents of that action must attach upon it.* [1] Upon any other construction, it would follow, that the case would be without any limitation at all ; for it would be quite impossible, upon any acknowledged principles, when a right had assumed the shape of a claim in personam, to attach to it a limitation which exclusively applied to the reality. Now, the statute of limitations has been emphatically declared a statute of repose, and we should not feel at liberty to break in upon its general construction, by allowing an exception which has not acquired the complete sanction of authority.
It is further contended, that by the operation of the act of 1Í91, ch. 45, Burnes must be considered as a mere trustee of Beatty, and trusts are not within the statute of limitations. We are ol a different opinion. The land in controversy was claimed by Burnes in his own right, and adversely to the plaintiff’s intestate. The money was received by him for his own use, and in his own right, as an original proprietor. He never admitted or acknowledged the title of the plaintiff, and no claim or demand was ever made upon him in his lifetime. So far then from being received in trust, it was expressly received under a peremptory denial of any trust or right in the opposite party. Nor was the statute meant to make the adverse possessor, without title, a trustee for the party having title. It only substituted the action of assumpsit for the ordinary legal remedy by ejectment; and the adverse possessor of the land could no more be deemed a trustee of the money, than he could be deemed a trustee of the land itself, for the benefit of the rightful owner, against whom he held by an adverse title.
The court are, therefore, of opinion, that the statute of limitations is a good bar, and therefore, that the judgment must be affirmed.
Judgment affirmed.

 See Metz v. Hipps, 96 Penn. St. 15.